IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## CHRISTOPHER W. GADSDEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2017-B-1186     Steve R. Dozier, Judge**

_____

### No. M2025-01313-CCA-R3-PC

_____

Christopher W. Gadsden, Petitioner, sought post-conviction relief from his convictions for second-degree murder and theft, claiming that he received ineffective assistance of counsel because an attorney with the Office of the Public Defender of Metropolitan Nashville & Davidson County (herein "Public Defender's Office") previously represented the victim, thereby creating a conflict of interest that rendered trial counsel's representation ineffective. Following a hearing, the post-conviction court denied relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Daniel J. Murphy, Lewisburg, Tennessee, for the appellant, Christopher W. Gadsden.

Jonathan Skrmetti, Attorney General and Reporter; Julia A. Johnson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner was convicted by a Davidson County jury of the second-degree murder of Deon Brown and theft of property valued at more than $1,000. The trial court imposed a sentence of twenty-four years for the murder conviction, to be served at 100%, and a concurrent sentence of four years for the theft conviction, to be served at 30%. This court affirmed the judgments on direct appeal. *State v. Gadsden*, No. M2019-01385-CCA-R3-

CD, 2020 WL 6791251, at *1 (Tenn. Crim. App. Nov. 19, 2020), *perm. app. denied* (Tenn. Mar. 17, 2021). Petitioner was represented at trial and on appeal by two attorneys with the Public Defender's Office. We will refer to them separately as "trial counsel" and "co-counsel."

Petitioner timely filed a pro se petition for post-conviction relief, which was later amended by appointed counsel. Although the pro se petition raised only issues that had been resolved on direct appeal, the amended petition alleged that trial counsel was ineffective due to a conflict of interest arising from the Public Defender's Office's prior representation of Mr. Brown. Specifically, the amended petition alleged that co-counsel informed Petitioner that he had represented Mr. Brown "dozens of times" in the past during juvenile court proceedings. The petition further alleged that co-counsel failed to obtain "formal consent to continue his representation" of Petitioner and that co-counsel "failed to abide by the Tennessee Rules of Professional Conduct by neglecting to withdraw from representation" of Petitioner. Petitioner claimed that, if co-counsel had withdrawn, he would have been able to have counsel that was "not materially adverse to his own interest."

At the June 26, 2025 evidentiary hearing, Petitioner testified that trial counsel informed him "about a week" before trial that an attorney with the Public Defender's Office had previously represented Mr. Brown. Petitioner testified that he told trial counsel that he wanted him to "get off" of his case but that trial counsel simply responded, "no." Petitioner also claimed that he then spoke by telephone with a female attorney with the Public Defender's Office in an effort to obtain new lawyers. Petitioner said he was not comfortable with being represented by counsel who had represented the victim in his case.

On cross-examination, Petitioner admitted that he did not apprise the trial court of the alleged conflict of his attorneys before trial, during the trial, at the hearing on the motion for new trial, or at the sentencing hearing. Petitioner testified that he thought he had to wait until he sought post-conviction relief to raise that issue. Petitioner testified that, if he had been represented by different attorneys, he would have been "inclined to share more" information about his case and that the additional information could have resulted in a different verdict. Petitioner admitted that trial counsel and co-counsel "worked extensively" with him in preparation for trial.

Trial counsel testified that he did not recall ever having a discussion with Petitioner about an attorney with the Public Defender's Office previously representing Mr. Brown and that Petitioner never raised a conflict nor asked him to withdraw. Trial counsel said that, during his sixteen years as a defense attorney, he had moved to withdraw multiple times for various reasons. He said that, if a client had asked him to withdraw because of the Public Defender's Office's past representation of a person related to the case, he would

- 2 -

have filed a motion to withdraw. Trial counsel said that he "definitely did not represent Deon Brown at any time," nor to his knowledge did co-counsel. He said that it was "possible" that a different attorney with the Public Defender's Office could have represented Mr. Brown in the past but that, at the time of the trial and the appeal, he had no knowledge of any attorney with the Public Defender's Office having represented Mr. Brown.

Trial counsel testified that he filed a pretrial "motion to admit first aggressor evidence" and "a corresponding motion for an in camera review of Mr. Brown's juvenile court records." He said that the trial court granted the motion for in camera review and that the court "would have reviewed those records and then produced to the parties anything that he saw that he thought was relevant." Trial counsel said that the juvenile court records should have shown Mr. Brown's counsel of record and that he was never made aware of that fact or informed of the identity of Mr. Brown's counsel.

Near the conclusion of the hearing, post-conviction counsel requested an opportunity to review Mr. Brown's juvenile record to see who represented him in juvenile court. Trial counsel also stated that he had requested Mr. Brown's files from the Public Defender's archives. Trial counsel stated that he would inform the court within thirty days if additional argument or proof would be submitted, and the post-conviction court took the matter under advisement. The record contains no argument or proof offered after the post-conviction hearing.

The post-conviction court issued its written order on July 30, 2025. The court noted that it had reviewed Mr. Brown's juvenile record, which showed that Mr. Brown had previously been represented by a different attorney that "appears" to have been with the Public Defender's Office. The court also noted that no proof was presented to show that anyone with the Public Defender's Office "revealed information relating to their previous involvement with Mr. Brown" to trial counsel or co-counsel. Because neither trial counsel nor co-counsel was involved in or knew about Mr. Brown's juvenile case, the court found that no information was used "to disadvantage" Petitioner and that there was no conflict of interest.

The post-conviction court discredited Petitioner's testimony that "he could not trust his attorney sufficiently to discuss strategy in the week before his trial started" and that a new attorney would have promoted a "more trusting relationship to discuss strategy." The court accredited trial counsel's testimony that he never represented Mr. Brown and that Petitioner never asked him to withdraw.

- 3 -

The post-conviction court found that Petitioner had failed to show that he was deprived of effective assistance of counsel. The court concluded that Petitioner had "established neither *Strickland* prong of deficiency or prejudice" through clear and convincing evidence and denied the petition.

Petitioner filed a timely notice of appeal.

### *Analysis*

Petitioner claims that the post-conviction court erred in denying relief because the Public Defender Office's prior representation of Mr. Brown created a conflict of interest that rendered trial counsel's and co-counsel's representation ineffective. The State claims that the post-conviction court properly denied relief because Petitioner failed to prove that "an actual conflict of interest existed such that trial counsel [and co-counsel] were ineffective for failing to withdraw." We agree with the State.

### *Standard of Review*

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. *Id*.; *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick,* 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

### *Effective Assistance of Counsel*

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The right to effective assistance of counsel is safeguarded by the Constitutions of both the

United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven for the court to grant post-conviction relief. *Strickland*, 466 U.S. at 687; *Henley*, 960 S.W.2d at 580; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)).

As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the *Strickland* analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

### Conflict of Interest

"Counsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest." *Strickland*, 466 U.S. at 6 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980)). In order to demonstrate a violation of a defendant's right to effective assistance of counsel, a defendant "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 350. "Where an attorney is placed in a position of divided loyalties," an actual conflict is created. *McCullough v. State*, 144 S.W.3d 382, 385 (Tenn. Crim. App. 2003). An attorney with an actual conflict of interest is subject to disqualification. *Id*. The mere "possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350.

Applying these principles, we first consider whether Petitioner established the existence of an actual conflict of interest. Petitioner argues that a conflict arose because an attorney with the Public Defender's Office previously represented the victim, Mr. Brown, in juvenile court proceedings. However, the proof presented at the evidentiary hearing failed to establish that either trial counsel or co-counsel personally represented Mr. Brown or even knew that another attorney in the Public Defender's Office may have represented him years earlier.

The post-conviction court found that neither trial counsel nor co-counsel represented Mr. Brown in the juvenile court proceedings and that neither attorney possessed confidential information derived from any prior representation of Mr. Brown. The court further found that no proof showed that any attorney with the Public Defender's Office revealed information concerning Mr. Brown's prior representation to trial counsel or co-counsel. Those factual findings are supported by the record, and the evidence does not preponderate against them. *See Kendrick*, 454 S.W.3d at 457.

Consequently, Petitioner failed to establish that counsel labored under divided loyalties or that any prior representation of Mr. Brown adversely affected counsel's performance. Although the record suggests that another attorney who appeared to be affiliated with the Public Defender's Office represented Mr. Brown in juvenile court, the mere possibility of a conflict is insufficient to establish a constitutional violation. *See Cuyler*, 446 U.S. at 350. Rather, Petitioner was required to prove that an actual conflict existed and that the conflict adversely affected counsel's representation. *Id*. Petitioner presented no proof that trial counsel or co-counsel altered their strategy, limited their advocacy, refrained from pursuing a defense, or otherwise modified their representation because of their office's prior representation of Mr. Brown.

Moreover, the post-conviction court expressly discredited Petitioner's testimony that he informed trial counsel of the alleged conflict and requested that counsel withdraw. The court instead accredited trial counsel's testimony that Petitioner never requested withdrawal and that trial counsel had no knowledge of any prior representation of Mr. Brown by the Public Defender's Office. Because credibility determinations are entrusted to the post-conviction court, and because the evidence does not preponderate against those findings, we are bound by them on appeal. *See Fields*, 40 S.W.3d at 456

Petitioner likewise failed to establish ineffective assistance of counsel under *Strickland*. The record contains no proof that counsel performed deficiently. Trial counsel testified that he was unaware of any prior representation of Mr. Brown and that, had a client raised a conflict concern, he would have filed a motion to withdraw. The post-conviction

court accredited that testimony. Accordingly, Petitioner failed to establish that counsel's performance fell below an objective standard of reasonableness. *Goad*, 938 S.W.2d at 369.

Petitioner also failed to establish prejudice. At the evidentiary hearing, Petitioner asserted that, had he been represented by different attorneys, he would have been more willing to share information concerning his case and that additional discussions with counsel could have produced a different outcome. The post-conviction court expressly discredited that testimony. More importantly, Petitioner never identified what additional information he allegedly withheld, how that information would have altered counsel's strategy, or how it would have affected the result of the trial. Thus, Petitioner's claim of prejudice rests on speculation rather than proof. Such speculative assertions are insufficient to establish a reasonable probability that the outcome of the proceedings would have been different. *Goad*, 938 S.W.2d at 370.

### *Conclusion*

Accordingly, we conclude that Petitioner failed to establish an actual conflict of interest that adversely affected counsel's representation. We further conclude that Petitioner failed to establish either deficient performance or prejudice under *Strickland.* We affirm the post-conviction court's judgment denying post-conviction relief.

s/*Robert L. Holloway, Jr.*

ROBERT L. HOLLOWAY, JR., JUDGE